66 F.3d 325
 76 A.F.T.R.2d 95-6741, 95-2 USTC P 50,542
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lavon HAWKINS; Pamela Hawkins, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-2258.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: CONTIE, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Robert Lavon Hawkins and Pamela Hawkins, husband and wife, appeal a Tax Court decision denying their petition for redetermination of approximately $3,000,000 in federal taxes and penalties. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Hawkins, a federal prisoner, and Pamela Hawkins, a Florida resident, petitioned the United States Tax Court for a redetermination of the Internal Revenue Service's determination for tax deficiencies from multiple tax years. The Tax Court entered its final decision on June 6, 1994. The Hawkins then filed a motion for reconsideration which the Tax Court denied.
 
 
 3
 In their timely appeal, the Hawkins argue that the assessment of taxes by the IRS constituted double jeopardy. They request oral argument and have moved for leave to proceed in forma pauperis and for the appointment of counsel.
 
 
 4
 This court reviews the Tax Court's factual findings under a clearly erroneous standard and reviews legal questions de novo. Conti v. Commissioner, 39 F.3d 658, 662 (6th Cir.1994), cert. denied, 115 S.Ct. 1793 (1995). We note that although Robert Hawkins is the only individual who signed the notice of appeal, his wife is also properly an appellant as a pro se party may sign a notice of appeal on behalf of the signer's spouse. Fed.R.App.P. 3(c).
 
 
 5
 The Hawkins were not subjected to double jeopardy. The Hawkins argue that because Robert Hawkins has been convicted of multiple federal criminal charges and various property has been forfeited to the State of Michigan following a trial, the imposition of the federal income taxes upon their drug income constituted multiple punishment. The Hawkins cite the decisions of Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994), and Austin v. United States, 113 S.Ct. 2801 (1993), to support their positions. Kurth Ranch and Austin are not applicable to the facts of this case. Unlike Kurth Ranch and Austin, the Hawkins's total income tax obligation was not subject to Robert Hawkins's conviction. Further, the tax obligation and rate of taxation which the Hawkins are obligated to pay would have been the same had the money which the Hawkins had earned been accumulated through legitimate business practices. Thus, the Hawkins's tax obligation does not constitute either double jeopardy or a forfeiture.
 
 
 6
 Accordingly, only because the Tax Court's factual findings are not clearly erroneous, we grant leave to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the Tax Court's decision. Rule 9(b)(3), Rules of the Sixth Circuit.